**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1469

GILBERTO FIGUEROA-PEREA,

Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Torruella, Selya and Lipez,
Circuit Judges.

Salvador Medina De La Cruz on brief for appellant.
    H.S. Garcia, United States Attorney, Camille Velez-Rive,
Assistant U.S. Attorney, and Robert J. Triba, Regional Chief
Counsel, on brief for appellee.

October 16, 2003

**Per Curiam**.  Claimant Gilberto Figueroa-Perea appeals from the district court's judgment affirming the denial of Social Security disability benefits.  The Commissioner of Social Security, in denying such benefits, first determined that although claimant could not return to his past (heavy) work as a laborer, he (claimant) nonetheless retained the capacity for the full range of light work.  Then, using the Medical Vocational Guidelines (the "Grid"), 20 C.F.R. Part 404, Subpart P, App. 2, as a framework, the Commissioner concluded that claimant was not disabled.  The only issue on appeal is whether, given claimant's nonexertional impairments -- pain and an adjustment disorder -- reliance on the Grid was appropriate.

1.  As for his pain, claimant fails to make any developed argument concerning the decision of the administrative law judge (ALJ) that the pain did not amount to a significant nonexertional impairment.  As we have warned, "issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, [will be] deemed waived for purposes of appeal."  F.D.I.C. v. LeBlanc, 85 F.3d 815, 820 (1st Cir. 1996) (internal quotation marks and citations omitted).  In any event, the ALJ's decision is supported by substantial evidence.

That is, although claimant has a condition that reasonably could be expected to produce some pain -- a herniated or protruding disc at L5-S1 -- the record does not contain any

-2-

evidence that claimant has any neurological deficits or loss of strength as the result of this condition. Further, claimant's motor and sensory systems have remained intact, and, while one treating physician noted (unspecified) muscle atrophy, the examining neurologist found that claimant's muscles had _not_ atrophied at all. Finally, the primary limitation in claimant's range of motion is that claimant has trouble with forward bending due, in part, to his pain. And, as for this limitation, the ALJ _did_ credit claimant's complaints of pain because the ALJ specifically found that claimant was precluded from activities which involved constant bending.

2. The issues concerning claimant's mental impairment are governed by our decision in _Ortiz_ v. _Secretary of Health and Human Services_, 890 F.2d 520 (1st Cir. 1989) (per curiam), in which we approved the use of the Grid in circumstances similar to the case at hand. In _Ortiz_, we held that the use of the Grid is appropriate so long as the claimant's mental impairment does not "interfere more than marginally with the performance of the full range of unskilled work." _Id._ at 526. This determination involves two distinct inquiries: "(1) whether a claimant can perform close to the full range of unskilled work, and (2) whether he can conform to the demands of a work setting, regardless of the skill level involved." _Id._

The first inquiry concerns a claimant's abilities to (1) cope with simple instructions, (2) deal with supervision, coworkers, and usual work situations, and (3) respond to changes in the work setting. Id. (citing Social Security Ruling 85-15). Here, the mental residual functional capacity (RFC) assessment rated claimant as having no significant limitations in his capacity (1) to deal with simple instructions, (2) to sustain an ordinary routine without special supervision, (3) to remember work-like procedures, and (4) to get along with coworkers. And, although Dr. Cotto, the consultative psychiatrist, rated claimant as being severely limited in his ability to adapt to changes, the RFC assessment noted only moderate limits in this area. Such conflicts are for the Commissioner to resolve, not the courts. See Rodriguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir. 1981).

This leaves claimant's capacity to respond to criticism from supervisors. The clinical psychologist who completed the RFC assessment form checked the box on the form entitled "Not Ratable on Available Evidence." However, claimant consistently has been described as cooperative, and no evaluator has reported that claimant showed any difficulty with anger, hostility, or in accepting directions from the evaluators -- difficulties which might indicate problems with responding to supervision. Thus, we think that there is substantial evidence in the record to support

-4-

a finding that claimant's mental impairment has not resulted in a substantial loss of his capacity to perform the basic work-related activities listed in Social Security Ruling 85-15. See Ortiz, 890 F.2d at 526 (only a "substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base").

In relation to the second inquiry, which involves "a claimant's ability to accommodate the demands of a work setting per se," the Commissioner has stated that "the mentally impaired may cease to function effectively when facing such demands as getting to work regularly . . . and remaining in the workplace for a full day . . . ." Id. at 527 (internal quotation marks and citation omitted). Here, the mental RFC assessment indicates that claimant is moderately limited in (1) performing within a schedule, (2) keeping up regular attendance, and (3) completing a normal work week without interruptions and without an unreasonable number of rest periods; further, both the RFC assessment and Dr. Cotto's evaluation noted that claimant had moderate limitations in his ability to maintain concentration for extended periods. Because the claimant in Ortiz also was moderately limited in all of the these areas, see id. at 527, the record supports the finding that claimant retained the capacity to accommodate to the demands of any work setting, regardless of the skill level of the work involved.

Based on the foregoing, and according the proper deference to the Commissioner's decision, we conclude that reliance on the Grid was permitted in this case. That is, although both claimant's pain and adjustment disorder imposed <u>some</u> limitations, there is substantial evidence in the record to support the Commissioner's decision that these limitations were not significant enough to require the testimony of a vocational expert. The judgment of the district court is <u>affirmed</u>.